Joshua B. Cooley (AK#1409065)
Katherine Elsner (AK#1411116)
**EHRHARDT, ELSNER & COOLEY**
215 Fidalgo Ave, Suite 201
Kenai AK 99611
Phone: (907) 283-2876
Fax: (907) 283-2896
josh@907legal.com
katie@907legal.com

*[Additional Counsel Listed on Signature Page]*
**Attorneys for the Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EDWARD LAUNT, *individually, and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>DOYON, LIMITED,<br><br>Defendant. | Case No. 3:25-cv-00126 |
| JOHNNY A. DAVID, *individually, and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>DOYON, LIMITED,<br><br>Defendant. | Case No. 3:25-cv-00129 |

BRIAN JOHNSON, *individually and on behalf all others similarly situated*,

        Plaintiff,

v.

DOYON, LIMITED,

        Defendant.

Case No. 3:25-cv-00136

---

## PLAINTIFFS' JOINT MOTION TO CONSOLIDATE RELATED CASES AND TO APPOINT INTERIM CO-LEAD CLASS COUNSEL

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, Plaintiffs Edward Launt, Johnny A. David, Jr., and Brian Johnson (collectively, "Plaintiffs"), in their individual capacity and on behalf of all others similarly situated they seek to represent in their respective actions, respectfully move this Court to Consolidate the three (3) class actions captioned *Launt v. Doyon, Limited*, No. 3:25-cv-00126 (the "*Launt* Action"), *David, Jr. v. Doyon, Limited*, No. 3:25-cv-00129 (the "*David* Action"), and *Johnson v. Doyon, Limited,* No. 3:25-cv-00136 (the "*Johnson*" Action), (collectively, "Related Actions").

Plaintiffs further move the Court pursuant to Fed. R. Civ. P. 23(g), to appoint Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, Jeff Ostrow of Kopelowitz Ostrow P.A., and Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel, LLP ("Interim Class Counsel") for the Consolidated Action. The grounds for Plaintiffs' Joint Motion to Consolidate and to Appoint Interim Co-Lead Class Counsel are set forth in the accompanying Memorandum or Law in Support of their Motion.

Dated: June 25, 2025                     Respectfully submitted,

*/s/ Joshua B. Cooley*
Joshua B. Cooley, 1409065
Katherine Elsner, 1411116
**EHRHARDT, ELSNER & COOLEY**
215 Fidalgo Ave, Suite 201
Kenai, AK 99611
Telephone: (907) 283-2876
josh@907legal.com
katie@907legal.com

Gary Klinger*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN LLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (866) 252-0878
*gklinger@milberg.com*

Jeff Ostrow*
**KOPELOWITZ OSTROW P.A.**
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954.332.4200
ostrow@kolawyers.com

Nickolas J. Hagman*
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
nhagman@caffertyclobes.com

Gary E. Mason*
Danielle L. Perry*
Lisa A. White*
**MASON LLP**
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290

Email: gmason@masonllp.com
Email: dperry@masonllp.com
Email: lwhite@masonllp.com

\* *Pro Hac Vice* Admission Forthcoming

*Attorneys for Plaintiffs and the Proposed Class*

Joshua B. Cooley (AK#1409065)
Katherine Elsner (AK#1411116)
**EHRHARDT, ELSNER & COOLEY**
215 Fidalgo Ave, Suite 201
Kenai AK 99611
Phone: (907) 283-2876
Fax: (907) 283-2896
josh@907legal.com
katie@907legal.com

*[Additional Counsel Listed on Signature Page]*
***Attorneys for the Plaintiff***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EDWARD LAUNT, *individually, and on behalf of all others similarly situated*, | |
| Plaintiff, | Case No. 3:25-cv-00126 |
| v. | |
| DOYON, LIMITED, | |
| Defendant. | |
| JOHNNY A. DAVID, *individually, and on behalf of all others similarly situated*, | |
| Plaintiff, | Case No. 3:25-cv-00129 |
| v. | |
| DOYON, LIMITED, | |
| Defendant. | |

1

BRIAN JOHNSON, *individually and on behalf all others similarly situated*,

     Plaintiff,

v.

DOYON, LIMITED,

     Defendant.

Case No. 3:25-cv-00136

---

## PLAINTIFFS' JOINT MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO CONSOLIDATE RELATED CASES <u>AND APPOINT INTERIM CO-LEAD CLASS COUNSEL</u>

Plaintiffs Edward Launt, Johnny A. David, Jr., and Brian Johnson (collectively, "Plaintiffs"), move pursuant to Federal Rules of Civil Procedure 42(a) for an order consolidating the related cases *Launt v. Doyon, Limited*, No. 3:25-cv-00126 (the "*Launt* Action"), *David, Jr. v. Doyon, Limited*, No. 3:25-cv-00129 (the "*David* Action"), and *Johnson v. Doyon, Limited,* No. 3:25-cv-00136 (the "*Johnson*" Action), (collectively, "Related Actions"), naming Defendant Doyon, Limited ("Doyon" or "Defendant") as a defendant in connection with the data breach Defendant experienced on or around April 1, 2024 (the "Data Breach"), in which unauthorized cybercriminals infiltrated Doyon's computer network and gained access to the highly sensitive personally identifiable information ("PII") and Protected Health Information ("PHI") (PII and PHI together, "Private Information") of Doyon's employees, shareholders, and clients (the "Class"). For the reasons set forth below, the Court should consolidate the Related Actions to maximize efficiency and judicial economy.

Plaintiffs further request that the Court appoint an organizational structure necessary to ensure the efficient and orderly litigation of the cases consolidated before this Court. The proposed leadership structure consists of a three Interim Co-Lead Class Counsel: Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman ("Milberg"), Jeff Ostrow of Kopelowitz Ostrow P.A. ("KO"), and Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel, LLP ("Cafferty Clobes") (collectively, "Proposed Interim Co-Lead Class Counsel"). The proposed leadership structure has the consent of all Plaintiffs in the Related Actions. *See* Declaration of Nickolas J. Hagman ("Hagman Decl."), attached hereto as **Exhibit A**, at ¶ 8.

For the reasons presented below, Plaintiffs respectfully request that the Court grant this Motion in its entirety. A proposed order is submitted herewith.

## FACTUAL BACKGROUND

Doyon, Limited is an Alaska Native Regional Corporation based out of Fairbanks, Alaska. Doyon's various ventures include construction companies, oil extraction, tourism, and laundry services. As part of its normal operations, Doyon collects, maintains, and stores large volumes of Private Information belonging to the affected individuals.

In April 2024, Defendant experienced a data breach incident in which unauthorized cybercriminals were able to access and exfiltrate Private Information concerning Defendant's current and former employees, shareholders, and clients—Plaintiffs and Class members. On or around June 12, 2025, Doyon sent notice of the alleged Data Breach to individuals whose information was accessed in the Data Breach.

3

On June 17, 2025, Plaintiff Launt commenced the first-filed action concerning the Data Breach. Plaintiff David Jr. filed his action arising out of the Data Breach shortly thereafter, on June 20, 2025, and Plaintiff Brian Johnson filed shortly after that on June 24, 2025. Following the filing of these cases, attorneys for Plaintiffs discussed potential consolidation and coordination of their respective actions, and request that the Court appoint Gary Klinger of Milberg, Jeff Ostrow of KO and Nickolas J. Hagman of Cafferty Clobes as Interim Co-Lead Counsel. *See* Hagman Decl., at ¶ 5. Plaintiffs' proposed leadership structure will promote the best interests of the putative Class, which will ensure the cooperative and efficient litigation of the claims arising from the Data Breach. Plaintiffs now respectfully request that the Court consolidate these cases and appoint Interim Co-Lead Class Counsel.

## ARGUMENT

### A. The Related Actions Should Be Consolidated

Rule 42(a) of the Federal Rules of Civil Procedure provides that the court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. Pro. 42(a). The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

A district court has broad discretion in deciding whether to consolidate actions. *Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008); *see also Pedraza v. Alameda Unified Sch. Dist.*, 676 Fed. App'x 704, 706 (9th Cir. 2017). When determining

4

whether a motion to consolidate should be granted, courts weigh considerations of "judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." *Pecznick v. Amazon.com, Inc.*, No. 2:22-cv-00743, 2022 WL 4483123, at *3 (W.D. Wash. Sept. 27, 2022) (citing *Chorak v. Hartford Cas. Ins. Co.*, No. 2:20-cv-00627, 2020 WL 8611291, at *1 (W.D. Wash. Nov. 10, 2020)). "If the court determines that common questions are present, it must then balance the savings of time and effort that consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Desert Mech., Inc. v. Travelers Cas. & Sur. Co. of America*, No. 2:15-cv-02298, 2022 WL 1078362, at *3 (D. Nev. Mar. 14, 2022) (citing *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).

Here, Plaintiffs request that the Related Actions be consolidated because they involve common questions of law and fact, assert materially similar allegations against Doyon, and seek to certify materially similar and overlapping classes.

### 1. The Related Actions Involve Common Issues of Law or Fact

Consolidation is warranted because the Related Actions arise out of the same underlying Data Breach, assert similar legal claims against the same Defendant, and would promote efficiency and convenience. The Related Actions all arise from the same event: the April 2024 Data Breach, where unauthorized actors potentially accessed the highly sensitive personal data of Doyon's current and former employees, shareholders, and clients. Moreover, the Related Actions all involve substantially the same or similarly situated parties, as Plaintiffs bring claims on behalf of substantially similar classes and

allege they have been injured or will suffer injury as a result of Defendant's failure to safeguard their personal information, resulting in the potential exposure of their sensitive personal information during the Data Breach.

Additionally, Plaintiffs assert that common questions of law or fact between the Related Actions include whether Defendant owed a duty to safeguard Plaintiffs' Private Information, and, if so, the scope of that duty; whether Defendant was negligent in safeguarding Plaintiffs' Private Information; if Plaintiffs were injured because of the Data Breach; and whether the cases may be properly maintained as class actions. These common questions of fact and law predominate and favor consolidation. *Cornell v. Soundgarden*, No. C20-1218-RSL-MLP, 2021 WL 1663924, at *2 (W.D. Wash. Apr. 26, 2021) ("Although Plaintiffs raise claims in the Copyright Action that are not at issue in the Buyout Action, the common questions of fact warrant consolidation.").

Since the Related Actions pending before this Court present many of the same factual and legal issues, involve the same Defendant, and will involve substantially the same discovery, consolidation is appropriate. *See Harry and David v. ICG Am., Inc*., No. CV 08-3106-CL, 2010 WL 3522982, at *1 (D. Or. Sept. 7, 2010) (consolidation is appropriate "if the cases appear to involve common questions of law or fact, and consolidation may tend to reduce cost and delay") (quoting *Manual for Complex Litigation* (4th ed. 2004)); *Guy v. Convergent Outsourcing, Inc.*, No. 2:22-cv-01558-MJP (W.D. Wash. Dec. 13, 2022), ECF No. 16 (ordering consolidation of multiple actions arising from a data breach).

### 2. Consolidation is Appropriate and Promotes Efficiency

Consolidation of the Related Actions will promote judicial efficiency and expedite the resolution of the cases. All the Related Actions are at the same stage of litigation, will seek similar discovery, including the depositions of identical witnesses, and require duplicative motions practice and trials. Consolidating the Related Actions will prevent duplicative discovery and motion practice, avoid inconsistent pretrial rulings, and conserve the resources of the court, the parties and their counsel. Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests and duplicative motions practice and cause an unnecessary drain on judicial resources. *See KeyBank National Association v. Franklin Advisers, Inc.*, 600 B.R. 214, 224 (S.D.N.Y. 2019) (consolidating actions to avoid unnecessary costs or delay in related cases is appropriate and promotes judicial economy and efficiency).

Doyon will suffer no prejudice by litigating one consolidated action rather than multiple separate suits. Accordingly, consolidation of the Related Actions would therefore inure to the benefit of all parties involved.

### 3. Future-Filed Related Cases Should be Consolidated

To ensure continued judicial efficiency and to conserve the resources of the Court and the parties, Plaintiffs in each of the Related Actions jointly and respectfully request that the Court order that any future actions that are filed or transferred to this Court and are based on the same Data Breach be consolidated into the master action: *"In re: Doyon, Limited Data Security Litigation."*

**B.      The Court Should Appoint Proposed Interim Co-Lead Class Counsel**

The Federal Rules of Civil Procedure authorize the Court to designate interim lead counsel before the class is certified. Fed. R. Civ. P. 23(g)(3). Appointing lead counsel prior to class certification "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litigation* (4th) § 21.11.

In appointing class counsel, the court "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in the action; (iii) counsel's knowledge of the applicable law, and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. Rule 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. Rule 23(g)(1)(B). Each factor supports the appointment of Proposed Counsel.

**1.      The Proposed Leadership Structure**

In cases like this one, designation of lead counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement. *Manual for Complex Litigation* (4th ed.) § 21.11. This clarity is particularly important in a case, such as this one, where many tens of thousands of class members likely have been impacted by the alleged conduct and where numerous cases have

been and will continue to be filed. *McFadden v. Microsoft Corp.*, No. C20-0640-RSM-MAT, 2020 WL 5642822, at *1 (W.D. Wash. Sept. 22, 2020) ("The appointment of interim counsel is discretionary and is particularly suited to complex actions.") (quoting *Schmidt v. Samsung Elecs. Am., Inc.*, No. 2017 WL2289035 (W.D. Wash. May 2, 2017)).

Early appointment of interim class counsel is warranted when there are multiple similar competing filings. Multiple identical or similar actions prevent efficient prosecution of claims, disjointed legal strategy, and prejudice to both defendants, plaintiffs, and putative class members. The clear delineation of lead counsel is particularly important where there are multiple cases filed by different attorneys. *See Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 867 (E.D. Mich. 2019) ("Designation of interim counsel is particularly appropriate when a number of lawyers have filed related 'copycat' actions."); *Ekin v. Amazon Servs, LLC*, 2014 WL 12028588, at *3 (W.D. Wash. May 28, 2014) (where there are multiple filings and attorneys "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.") (quoting Manual of Complex Litig. § 21.11 (4th ed. 2004)).

Plaintiffs hereby respectfully move to appoint Gary Klinger of Milberg, Jeff Ostrow of KO, and Nickolas J. Hagman Cafferty Clobes as Interim Co-Lead Class Counsel.

In appointing class counsel, the Court "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in the

action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. Rule 23(g)(1)(A); *see also Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, No. 17-CV-00123-JST, 2017 WL 4071368, at *2 (N.D. Cal. Sept. 14, 2017). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. Rule 23(g)(1)(B). Each factor supports the appointment of Interim Co-Lead Class Counsel

## 1. Proposed Interim Co-Lead Counsel Performed Substantial Work Investigating This Action

Proposed Interim Co-Lead Class Counsel committed substantial, yet appropriate, resources and time to organizing and advancing this litigation. They conducted investigations and research regarding the potential legal theories and claims as well as the factual investigation and research surrounding the Data Breach. *See* Hagman Decl., at ¶ 3. Prior to filing the Related Actions, Proposed Interim Co-Lead Class Counsel investigated the Data Breach and Class members' experiences concerning the exposure of their Private Information, researched relevant laws, prepared detailed class action complaints, and coordinated and strategized with each other. *Id*. Moreover, Proposed Interim Co-Lead Class Counsel continue to perform substantial work that has provided, and will continue to provide, value to the class as the case proceeds. *Id* at ¶ 11. This includes, but is not limited to: (1) reviewing reports concerning the Data Breach; (2) communicating with potential class members; (3) investigating the scope of the Data Breach and Doyon's public statements regarding the Data Breach; (4) researching potential claims arising from the Data Breach and defenses thereto; and (5) preparing the pleadings.

Proposed Interim Co-Lead Class Counsel are familiar with the facts and legal issues involved in this case and they will continue their pursuit of the claims on behalf of Plaintiffs and the proposed Class. Proposed Interim Co-Lead Class Counsel conducted the work necessary to prosecute this litigation, and stand ready, willing, and able to continue to devote all necessary effort and resources necessary to advance the claims of Plaintiffs and the Class.

### 2. Proposed Interim Co-Lead Class Counsel are Experienced in Leading and Resolving Data Privacy Class Actions

The law firms that make up Proposed Counsel have significant experience in successful litigation and resolving numerous data breach cases and other complex class action litigation. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in and knowledge of, the applicable law in this field"); *Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel."). The experience and qualifications of each firm are detailed below and in their respective firm resumes. *See* Exhibits 1-3.

### <u>Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC</u>

Mr. Klinger is a Senior Partner at Milberg and Chair of its Cybersecurity and Data Privacy Practice Group. Located in Chiago, Illinois, Mr. Klinger is recognized as one of the most respected data privacy attorneys in the United States, having been ranked by

Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024)[1] and having been selected to Lawdragon's 500 Leading Litigators in America for his accomplishments in privacy litigation (2024).[2] Law360 recently highlighted Mr. Klinger's work in the privacy space.[3]

Mr. Klinger has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. *See, e.g., In re: MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Mr. Klinger was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers); *Isaiah v. LoanDepot, Inc.*, 8:24-cv-00136-DOC-JCE (C.D. Cal) (where Mr. Klinger was appointed co-lead counsel in a data breach that impacted 17 million consumers); *Owens v. MGM Resorts International*, Case No. 23-cv-01480 (D. Nev.) (Mr. Klinger serves as class counsel and obtained a settlement of $45 million in a data breach class action). Mr. Klinger and his firm have played an important role in developing the favorable case law that many plaintiffs rely on in the data breach space. *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D.

---

[1] Only three plaintiffs' lawyers in the country received the distinction of being ranked by Chambers and Partners for Privacy & Data Security Litigation.
[2] *See* https://chambers.com/lawyer/gary-klinger-usa-5:26875006; https://www.lawdragon.com/guides/2023-09-08-the-2024-lawdragon-500-leading-litigators-in-america.
[3] https://www.law360.com/articles/1854005/rising-star-milberg-s-gary-klinger.

Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *Flores v. Aon Corp.*, 2023 IL App. (1st) (230140) (where Mr. Klinger obtained reversal of a dismissal with prejudice in a data breach class action); *In re Blackbaud, Inc., Customer Data Breach Litig.,* No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case).

Over the past 3 years, Mr. Klinger has settled on a class-wide basis more than 100 class actions involving privacy violations, the majority of which are data breaches, in state and federal courts across the country as lead or co-lead counsel. To his knowledge, no other attorney in the country has settled and won court approval of more data breach class actions during this period. Representative cases include: *Parris, et al., v. Meta Platforms, Inc.*, Case No.2023LA000672 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger serves as lead counsel and obtained a settlement of $64.5 million for 4 million consumers in a privacy class action); *Boone v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action); *In re: East Palestine Train Derailment*, No. 23-cv-00242 (N.D. Ohio) (where Mr. Klinger serves on the leadership team that obtained a settlement of $600 million in a complex class action).[4]

---

[4] Mr. Klinger has also successfully litigated privacy class actions through class certification. *See, e.g.*, *Sewall v. Home Partners Holdings LLC*, No. A23-1662, 2024 WL 64318, at *1 (Minn. Ct. App. Jan. 2, 2024) (denying interlocutory review to an order granting class certification to a class of lessees in a landlord-tenant dispute); *Karpilovsky v. All Web Leads, Inc*., No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. 2018) (where Mr. Klinger certified, over objection, a nationwide

Mr. Klinger also has the full weight of his law firm behind him. Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements. Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[5] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of large-scale wrongdoing. Milberg has been described by the New York Times as "[a] powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."[6]

Milberg is one of the largest plaintiffs' class action firms in the United States (and abroad). The firm currently is involved in some of the largest and well-known class action cases in the country and is particularly active in the field of data breach and privacy litigation. The firm is comprised of more than one hundred-twenty attorneys who work from offices across the United States and in Portugal, the United Kingdom, the Netherlands, and Germany. Milberg attorneys come from diverse backgrounds and reflect the diversity of the bar and the classes they seek to represent—from the standpoint of age, gender, experience, and geographic location.[7]

---

privacy class action involving more than one million class members; the case ultimately settled for $6.5 million).

[5] *See* https://milberg.com/precedent-setting-decisions/page/3/.

[6] Sam Roberts, *Melvyn Weiss, Lawyer Who Fought Corporate Fraud, Dies at 82*, N.Y. TIMES, (Feb. 5, 2018), https://www.nytimes.com/2018/02/05/obituaries/melvyn-weiss-lawyer-who-fought-corporate-fraud-dies-at-82.html.

[7] *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018), *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf ("Duke Guidelines") ("The

A copy of Mr. Klinger's biography is attached hereto as **Exhibit 1**.

### ***Jeff Ostrow of Kopelowitz Ostrow P.A.***

Jeff Ostrow is the Managing Partner of KO and has been practicing law for 27 years. Mr. Ostrow established the South Florida-based firm immediately following his graduation from Nova Southeastern University in 1997 and has since grown it to 25 attorneys.

Beyond managing the firm, Mr. Ostrow heads the class action department and maintains a full caseload of nationwide class actions. Although Mr. Ostrow currently only represents class plaintiffs, he has prior experience defending large companies in class actions, including banks, commercial lenders, and tech companies, which affords him a valuable perspective and advantage in litigation and settlement.

Mr. Ostrow is counsel of record in more than 200 pending data breach cases. He is currently Lead Counsel in MDL-3090, *In re Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.), which involves 10 defendants and 6 million people. Additional examples of other cases in which he serves as Lead Counsel include: *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.), affecting eight million individuals; *In re Zeroed-In Techs., LLC Data Breach Litig.*, No. 1:23-cv-03284-BAH (D. Md.), affecting two million individuals, *Harrell v. WebTPA Employer Servs. LLC*, No. 3:24-cv-01160 (N.D. Tex.), affecting 2.5 million individuals; *Stallone v. Fin. Bus. & Consumer Sols., Inc.*, No. 2:24-cv-01876 (E.D. Pa.), affecting almost two million

---

judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.").

individuals; *Gambino v. Berry, Dunn, Mcneil & Parker LLC*, 2:24-cv-146 (D. Me.), affecting 1.1 million individuals; *Mclean v. Signature Performance, Inc.*, No. 8:24-cv-230 (D. Neb.), affecting at least 106,540 patients; *Wilson v. Frontier Comm'ns Parent, Inc.*, No. 3:23-CV-01418-L (N.D. Tex.), affecting at least 750,000 individuals; *Flores v. S. Tex. Oncology & Hematology, PLLC*, No. 2024CI13299 (Tex. Dist. Ct., Bexar Cty.), affecting 176,303 patients; *In re HealthEquity, Inc. Data Sec. Incident Litig.*, No. 2:24-cv-528 (D. Utah), affecting 4.3 million patients; *Griffiths v. Kootenai Health, Inc.*, No. 2:24-cv-205 (D. Idaho), affecting 827,149 patients, and *Butler v. Acadian Ambulance Serv., Inc.*, No. 6:24-cv-01011 (W.D. La.), affecting 3 million patients.

For about 13 years, Mr. Ostrow's firm served as Coordinating Counsel, Settlement Class Counsel, and Lead Class Counsel in *In re Checking Acct. Overdraft Litigation*, No. 1:09-MD-02036-JLK (S.D. Fla.), a large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks, and is Liaison Counsel in *In re Disposable Contact Lens Antitrust Litigation*, No. 3:15-md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date. Moreover, KO is co-counsel for Broward County and the City of Fort Lauderdale in *In re: National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio), and for the Broward and Miami-Dade County School Boards in *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.), helping clients recover $100 million and $26 million, respectively.

Federal judges have recognized Mr. Ostrow's commitment to excellence. In *Farrell v. Bank of America, N.A.*, 327 F.R.D. 422, 432 (S.D. Cal. 2018), in which Mr. Ostrow served as lead counsel on behalf of millions of people, United States District Judge James

Lorenz made the following observation when granting final approval of a settlement that included a $68 million recovery and $1.2 billion in injunctive relief requiring the defendant bank to stop an enormously lucrative practice:

> Class Counsel achieved this result through tenacity and great skill. In all of their written submissions and in their presentation at the Final Approval Hearing, Class Counsel's arguments were laudably clear and precise, no small feat given the complexity of the legal questions at issue here. It is clear that substantial preparation went into all of Class Counsel's work on this case.

Similarly, when approving a $13 million settlement in which Mr. Ostrow was one of the lead counsel, United States District Judge James Lawrence King commented that "Class Counsel's efforts in pursing and settling these consumer claims were, quite simply, outstanding." *In re Checking Account Overdraft Litig.*, 1:09-md-02036-JLK, 2013 WL 11319244, *16 (S.D. Fla. Aug. 2, 2013). In another recent case in which Mr. Ostrow was lead counsel, United States District Judge Jose Martinez noted, "Here, Class Counsel worked extensively and with a high level of skill to advance Plaintiff's claims . . . The case involved difficult factual and legal issues from a global pandemic. . . . Despite the strong defenses presented by Barry [University], Class Counsel obtained an excellent result for the Settlement Class Members." *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM (S.D. Fla.), ECF No. 84 at 14.

Mr. Ostrow has worked productively with Proposed Interim Co-Lead Class Counsel in many other cases. He is confident that this proposed leadership structure will result in an excellent recovery for all clients and Class Members. Mr. Ostrow's resume is attached as Exhibit 2.

### *Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel LLP*

Nickolas J. Hagman is a partner with Cafferty, Clobes, Meriwether, & Sprengel, LLP ("Cafferty Clobes"). Mr. Hagman and Cafferty Clobes have been appointed co-lead counsel in numerous major consumer class action matters, including actions arising out of data breaches.

Mr. Hagman and Cafferty Clobes are well suited for appointment as Interim Co-Lead Class Counsel. Cafferty Clobes is a national leader in managing and litigating complex class actions on behalf of a wide variety of consumers and has recovered billions of dollars for consumers since its founding in 1992. Mr. Hagman has recently been appointed and actively serve as lead counsel in many major consumer class action matters, including data breach actions. *See, e.g.*, *In re: Consumer Vehicle Driving Data Tracking Collection*, No. 1:24-MC3115-TWT, ECF 63 (N.D. Ga. Aug. 19, 2024) (appointing Cafferty Clobes as co-lead counsel in the multidistrict litigation); *Hood, et al. v. Educational Computer Systems, Inc*., No. 24-cv-00666-CCW (W.D. Pa.) (appointing Nickolas J. Hagman as interim co-lead counsel); *Vickery v. Family Health Center, Inc.*, No. 2024-0404-NO (Cir. Ct. Kalamazoo Cnty., MI) (same); *In re Rockford Gastroenterology Associates, Ltd. Data Breach Litig.*, No. 2024-CH-0000120 (Ill. Winnebago Co. Cir. Ct. Jan. 3, 2025) (same); *Shelton, et al. v. Fairfield Memorial Hosp. Ass'n*, No. 2024 LA 11 (Ill. Wayne Co. Cir. Ct. Dec. 11, 2024) (same); *In re: Knight Barry Title, Inc. Data Incident Litigation*, No. 2:24-cv-00211-LA, (E.D. Wis. May 5, 2018) (appointing Cafferty Clobes interim co-lead class counsel in an action concerning a breach of client data); *Wilkens v. Mulkay Cardiology Consultants, P.C*BER-L-6203-23 (N.J. Sup.

Ct. Bergen Cnty. Jan. 19, 2024) (same); *Martemucci v. Peachtree Ortopaedic Clinic, P.A.*, No. 23-CV-1234-3 (Ga. Sup. Ct. Forsyth Cnty. Nov. 1, 2023) (same); *In re Kannact, Inc. Data Security Incident*, No. 6:23-cv-1132-AA (D. Or. Sept. 26, 2023) (appointing Cafferty Clobes interim co-lead class counsel in an action concerning a breach of patient data).

In the last few years alone, Mr. Hagman and Cafferty Clobes generally have led and settled multiple consumer class actions that provided consumers with substantial relief. *See, e.g.*, *Barrett v. Apple Inc.*, No. 20-cv-04812-EJD, ECF 291 (N.D. Cal. Dec. 19, 2024) (appointing Mr. Hagman as co-lead counsel and granting final approval to a $35 million class settlement on behalf of victims of gift card scams); *Nielsen v. Walt Disney Parks and Resorts, Inc.*, No. 21-cv-02055 (C.D. Cal. Mar. 4, 2023), ECF No. 102 (appointing Cafferty Clobes co-lead Class Counsel granting final approval of the $9.5 million class action settlement on behalf of individuals who purchased certain annual passes for Disney's California theme parks); *Rentschler, et al. v. Atlantic General Hospital Corp.*, No. 23-cv-1005 (D. Md. Sept. 5, 2024) (appointing Cafferty Clobes co-class counsel granting final approval to the $2.25 millions class settlement); *Sharma v. Accutech Systems Corp.*, No. 18C02-2210-CT-000135 (Ind. Del. Co. Cir. Ct. Nov. 13, 2023) (appointing Cafferty Clobes as co-lead counsel and granting approval to the class settlement arising out of a data breach); *Hough v. Navistar, Inc.*, No. 2021L001161 (DuPage Cnty. Ill. May 16, 2022) (granting final approval to the $1,250,000 class settlement on behalf of victims of a data breach).

Beyond litigation, Mr. Hagman is active in the legal community in matters concerning class actions, including authoring the 2024 edition of the Illinois Institute of

Continuing Legal Education (IICLE) Class Action Handbook chapter *Settlement Procedures, Negotiations, and Agreements Under State and Federal Rules,* and having twice served on the board of the Chicago Bar Association Class Action Committee, including as the Vice Chair. Nickolas J. Hagman's experience and knowledge are further demonstrated in the Cafferty Clobes Meriwether & Sprengel LLP firm resume, attached as Exhibit 3.

### 3. Interim Co-Lead Counsel Are Familiar with the Applicable Law

Proposed Interim Co-Lead Class Counsel possess extensive knowledge of the applicable facts and law concerning consumer privacy class actions, including the facts of this case. They bring a depth of experience litigating data privacy cases, including conducting discovery of information security offices as well as technical and damages witnesses and experts. Further, Proposed Interim Co-Lead Class Counsel are proficient and skillful in researching and briefing essentially every aspect of data privacy class action cases. Their litigation history and experience, in this case and in similar cases, allows them to efficiently handle pivotal litigations issues, including class member identification and damages. *See supra*.

### 4. Proposed Interim Co-Lead Class Counsel Are Committed to Representing and Advancing the Interests of the Class

Proposed Interim Co-Lead Class Counsel are willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted by the Plaintiffs in this case. The Proposed Interim Co-Lead Class Counsel firms are well capitalized and have years of experience prosecuting and self-funding complex class action

litigation, including actions against some of the largest companies in the world. Proposed Interim Co-Lead Class Counsel have advanced millions of dollars to fund expenses in cases, demonstrating a commitment to providing the resources and staffing needed to successfully prosecute class actions. Proposed Interim Co-Lead Class Counsel are also willing to advance all costs to prosecute this action and see it through completion, including advancing costs for document hosting, expert witnesses (both for liability and damages if necessary), and for trial. *See* Hagman Decl., at ¶ 12.

Proposed Interim Co-Lead Class Counsel have a proven track-record of success leading complex class action cases, including data privacy matters. *See supra*. The experience here will be no different. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, Proposed Interim Co-Lead Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal. *See* Proposed Interim Co-Lead Class Counsel's Firm Resumes, Exhibits 1-3.

In sum, Proposed Interim Co-Lead Class Counsel are committed to pursuing the best interests of Plaintiffs and the proposed class in an efficient manner. They understand the time and resources necessary to pursue this action to a successful resolution and have already made significant investments of resources and time into the prosecution of these claims. Proposed Interim Co-Lead Class Counsel were able to cooperate with counsel in the Related Actions and agree to merge the separate actions into a single consolidated

action. *See* Hagman Decl., at ¶ 5-7. It is likely that additional related actions may be filed, and the appointment of Plaintiffs' proposed class leadership structure will clarify the roles and responsibilities of counsel on behalf of the class, while avoiding duplicative and unnecessary litigation that could result in inefficiencies for the Court and the Parties.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Related Actions be consolidated under Rule 42(a) for all purposes, and order that any future actions based on the same or similar facts and circumstances be consolidated with the Consolidated Action. In addition, Plaintiffs respectfully request that the Court enter an Order appointing Gary Klinger, Jeff Ostrow, and Nickolas J. Hagman as Interim Co-Lead Class Counsel, pursuant to Fed. R. Civ. P. 23(g). A proposed order is submitted herewith. *See* Proposed Order.

Dated: June 25, 2025                         Respectfully submitted,

                                    */s/ Joshua B. Cooley*
                                    Joshua B. Cooley, 1409065
                                    Katherine Elsner, 1411116
                                    **EHRHARDT, ELSNER & COOLEY**
                                    215 Fidalgo Ave, Suite 201
                                    Kenai, AK 99611
                                    Telephone: (907) 283-2876
                                    Facsimile: (907)-283-2896
                                    josh@907legal.com
                                    katie@907legal.com

                                    Gary Klinger*
                                    **MILBERG COLEMAN BRYSON**
                                    **PHILLIPS GROSSMAN LLC**
                                    227 W. Monroe Street, Suite 2100

Chicago, Illinois 60606
Telephone: (866) 252-0878
*gklinger@milberg.com*

Jeff Ostrow*
**KOPELOWITZ OSTROW P.A.**
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954.332.4200
ostrow@kolawyers.com

Nickolas J. Hagman*
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 S. LaSalle, Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
nhagman@caffertyclobes.com

Gary E. Mason*
Danielle L. Perry*
Lisa A. White*
**MASON LLP**
5335 Wisconsin Avenue, NW, Suite 640
Washington, DC 20015
Tel: (202) 429-2290
Email: gmason@masonllp.com
Email: dperry@masonllp.com
Email: lwhite@masonllp.com

*Attorneys for Plaintiffs and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Joshua B. Cooley, an attorney, hereby certify that on June 25, 2025, service of the foregoing ***Plaintiffs' Joint Motion to Consolidate Related Cases and to Appoint Interim-Co-Lead Class Counsel, the Memorandum in support thereof, accompanying exhibits and attachments thereto, and related Proposed Order*** was accomplished through the Court's electronic filing system and by mail on Defendant Doyon, Limited.


*s/ Joshua B. Cooley*
Joshua B. Cooley

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| EDWARD LAUNT, *individually, and on behalf of all others similarly situated*, | |
| Plaintiff, | Case No. 3:25-cv-00126 |
| v. | |
| DOYON, LIMITED, | |
| Defendant. | |
| JOHNNY A. DAVID, *individually, and on behalf of all others similarly situated*, | |
| Plaintiff, | Case No. 3:25-cv-00129 |
| v. | |
| DOYON, LIMITED, | |
| Defendant. | |
| BRIAN JOHNSON*, individually and on behalf all others similarly situated*, | |
| Plaintiff, | Case No. 3:25-cv-00136 |
| v. | |
| DOYON, LIMITED, | |
| Defendant. | |

**DECLARATION OF NICKOLAS J. HAGMAN IN SUPPORT OF
PLAINTIFFS' JOINT MOTION TO CONSOLIDATE RELATED CASES
AND APPOINT INTERIM CO-LEAD CLASS COUNSEL**

I, Nickolas J. Hagman, hereby declare as follows:

1.      I am a partner in the law firm Cafferty Clobes Meriwether & Sprengel LLP ("Cafferty Clobes"). I have personal knowledge of the matters stated in this declaration except those stated on information and belief and, as to those, I believe them to be true. If called upon, I could and would competently testify to the matters as stated. This declaration is submitted in support of Plaintiffs' Joint Motion to Consolidate Related Cases and Appoint Interim Co-Lead Class Counsel.

2.      Upon information and belief, in April 2024, Defendant Doyon, Limited ("Doyon" or "Defendant") experienced a data breach incident in which unauthorized cybercriminals infiltrated its network system and accessed files from the system containing the sensitive personal information of Doyon's current and former employees, clients, and customers (the "Data Breach"). On or around June 12, 2025, Defendant sent a notice to individuals whose information was accessed in the Data Breach.

3.      Cafferty Clobes began investigating potential claims arising out of the Data Breach. As part of that investigation, Cafferty Clobes researched the potential legal theories and claims at issue and investigated the facts and circumstances surrounding the breach, including the cause of the breach, Defendant's public statements regarding the Data Breach, media commentary and consumer experiences concerning information compromised in the Data Breach, and prepared a detailed class action complaint.

4.      On June 17, 2025, Plaintiff Launt commenced the first-filed action concerning the Data Breach. Plaintiff David, Jr. filed his action arising out of the Data Breach on June 20, 2025. Plaintiff Johnson filed his action arising out of the Data Breach on June 24, 2025. The actions *Launt v. Doyon, Limited*, No. 25-cv-00126 (the "*Launt* Action"), *David, Jr. v. Doyon, Limited*, No. 25-cv-00129 (the "*David* Action"), and *Johnson v. Doyon, Limited*, No. 3:25-cv-00136 (the

"*Johnson* Action"), (collectively, "Related Actions"), allege overlapping claims on behalf of overlapping putative classes concerning the Data Breach.

5.     Shortly after the Related Actions were filed, counsel for all Plaintiffs agreed to collectively prosecute the case on behalf of Plaintiffs and Class members. Plaintiffs in the Related Actions filed their Joint Motion to Consolidate Cases and Appoint Interim Leadership. *See* Plaintiffs' Joint Motion for Consolidation of Cases and Joint Request to Appoint Co-Lead Class Counsel ("Plaintiffs' Joint Motion")

6.     As part of the agreement to collectively prosecute the litigation, all counsel involved understand the legal and factual underpinnings of the litigation, the need to work cooperatively, to allocate necessary resources to the litigation, and to effectively advance the interests of the classes.

7.     All plaintiffs' attorneys for the above-captioned actions support the leadership structure proposed herein and agree with consolidation.

8.     Plaintiffs propose a leadership structure of three Interim Co-Lead Class Counsel: Gary Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, Jeff Ostrow of Kopelowitz Ostrow P.A., and Nickolas J. Hagman of Cafferty Clobes Meriwether & Sprengel (collectively, "Proposed Interim Co-Lead Class Counsel").

9.     Proposed Interim Co-Lead Class Counsel are qualified to lead the consolidated litigation on behalf of the class. *See* Proposed Interim Co-Lead Class Counsel firm resumes, attached as **Exhibit 1** (Milberg Coleman Bryson Phillips Grossman firm resume), **Exhibit 2** (Kopelowitz Ostrow firm resume, and **Exhibit 3** (Cafferty Clobes Meriwether & Sprengel firm resume).

10.     Proposed Interim Co-Lead Class Counsel have devoted appropriate time to researching the relevant law and applying their experience to prepare a detailed complaint.

11.     Proposed Interim Co-Lead Class Counsel will continue to expend the time and resources necessary to advocate for Plaintiffs and the Class.

12.     Proposed Interim Lead Class Counsel are well equipped to prosecute this action on behalf of the putative classes. Proposed Interim Lead Class Counsel and co-counsel are each self-funded firms, capable of advancing the costs of litigation, and do not rely on third party financing. Proposed Interim Class Counsel will commit all necessary resources to this litigation and will vigorously represent the interests of the proposed classes.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct, and that this declaration was executed on this 25th day of June 2025.

                                        */s/ Nickolas J. Hagman*
                                        Nickolas J. Hagman
                                        **CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
                                        135 S. LaSalle, Suite 3210
                                        Chicago, Illinois 60603
                                        Telephone: (312) 782-4880
                                        Facsimile: (312) 782-4485
                                        nhagman@caffertyclobes.com